### RECKNAGEL v. STEINWAY et al.

(Supreme Court, Appellate Division, First Department.　March 8, 1901.)

PLEADING—AMENDED ANSWER—LEAVE TO SERVE.
　　Where a demurrer to defendants' answer has been sustained, and defendants ask leave to serve an amended answer, which contains no material change from the first answer, the application should be denied.

Appeal from special term.

Action by Ottilie C. Recknagel against Charles H. Steinway and others, as executors of the estate of William Steinway, deceased. From an order denying defendants' application for leave to serve an amended answer, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. W. Cotterill, for appellants.
R. Burnham Moffat, for respondent.

INGRAHAM, J.　It appears that the defendant executors by their original answer interposed four affirmative defenses, which were demurred to by the plaintiff, which demurrers were sustained, with leave, however, to the defendant executors to amend their answer. In pursuance of such leave an amended answer was served, in which these four specific defenses were realleged without material change. The plaintiff again demurred, again his demurrer was sustained, and on the settlement of the interlocutory judgment the defendant executors asked for leave to again amend their answer. Pending the determination of this question, the court allowed the defendant executors to present a proposed amended answer, reserving the determination of the question as to whether or not the defendants would be allowed to interpose such an amended answer. In pursuance of this leave the proposed second amended answer was submitted. Upon an inspection of that proposed amended answer, the court below determined that the new matter set forth in the new amended answer could not affect the result of this litigation, and therefore denied the application; and from the order denying the application the defendant executors appeal.

Upon a comparison of this proposed second amended answer with the original answer, it is apparent that the changes made are immaterial, the defenses being, in substance, the same as those contained in the former amended answer, demurrers to which have been sustained. Neither of the defenses are in any way strengthened by the slight changes that have been made, and it would appear to be useless to allow the defendants to serve an answer containing defenses which have been adjudged bad, and where the same result would follow upon a trial of the issues therein presented. This application was not to be allowed to amend generally, but to be allowed to interpose the answer made part of the motion papers. As we have affirmed at this term of the court (69 N. Y. Supp. 132) the interlocutory judgment sustaining the demurrer to the four defenses interposed by the appellants in their first amended answer, it would seem to be useless to al-

low the defendants to continue to serve amended answers setting up the same defenses which have already been adjudged insufficient.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.